UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA COPELAND-
STEWART, ON BEHALF OF
HERSELF AND THOSE
SIMILARLY SITUATED,                      CASE NO.:

       Plaintiff,

vs.

NEW YORK LIFE INSURANCE
COMPANY,

       Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CHRISTINA COPELAND-STEWART, on behalf of herself and those similarly situated, by and through the undersigned attorney, sues the Defendant, NEW YORK LIFE INSURANCE COMPANY, a New York Corporation, and alleges:

1.      Plaintiff was an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## General Allegations

2.      Plaintiff worked for Defendant from approximately June 6, 2011 to August 2, 2014 in Tampa, Florida.

3.      Plaintiff worked at the call center operated by Defendant on Cypress

Street in Tampa, Florida.

4.     Defendant, NEW YORK LIFE INSURANCE COMPANY, is a New York Corporation that operates and conducts business in, among other locations, Hillsborough County, Florida and is therefore, within the jurisdiction of this Court.

5.     This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every similarly situated employee who worked for Defendant at any time within the past three (3) years at the Cypress Street location.

6.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

7.     During Plaintiff's employment with Defendant, Defendant earned more than $500,000.00 per year in gross sales.

8.     During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

9.     Included in such goods, materials and supplies were computer equipment, telephones, office equipment and other goods, materials and supplies which originated from outside the state of Florida

10.    Therefore, Defendant is an enterprise covered by the FLSA, and as

defined by 29 U.S.C. §203(r) and 203(s).

11.    Additionally, Plaintiff was engaged in interstate commerce during her employment with Defendant as a result of daily phone calls and e-mails which left the state of Florida.

<u>FLSA Violations</u>

12.    Plaintiff worked as a customer service representative, and/or an agent for sales and conservation.

13.    Plaintiff's job duties included selling Defendant's products to its customers, upselling current customers and trying to keep customers from cancelling their policies.

14.    Plaintiff was classified as a non-exempt employee and was paid by the hour plus earned non-discretionary sales bonuses.

15.    Defendant employed hundreds of other similarly situated employees at the Cypress Street location in various departments and teams whose job duties were similar to Plaintiff and who were also classified as non-exempt and compensated in a similar manner as Plaintiff.

16.    For example, Plaintiff worked in the AARP Life – Member Services Department on a Sales Team with approximately 20-25 other employees at one time.

17.    Additionally, Defendant employed similarly situated employees on "conservation" teams and other sales teams who performed similar duties and were compensated on a similar structure (hourly plus non-discretionary bonus).

18.   In all, almost 200-300 similarly situated individuals worked at the Cypress Street location for Defendant in a Member Services Customer Service Representative type role.

19.   During their employment, Defendant failed to properly pay Plaintiff and all other similarly situated employees complete overtime compensation for two reasons.

20.   First, Defendant failed to include non-discretionary sales bonuses and other shift differentials into their employees' regular rate of pay, resulting in lower overtime compensation being paid than required by law.

21.   As a result of this practice, Plaintiff and those similarly situated employees have been underpaid for overtime hours actually recorded.

22.   Second, Plaintiff and those similarly situated individuals routinely worked off-the-clock outside of their scheduled hours in order to complete all job assignments required for them to complete.

23.   Plaintiff and those similarly situated individuals would have to stay late or come in early to complete sales reports, answer emails and other job duties that were unable to be completed during the normal shift while talking with customers.

24.   Defendant's supervisors and managers were aware of Plaintiff and other similarly situated employees working off-the-clock and accepted the benefit of their work.

25.   As a result of these two practices described above, Defendant has

violated the FLSA and failed to pay complete and proper overtime compensation to Plaintiff and the other similarly situated employees.

26.    Upon information and belief, the records, to the extent any exist and are accurate, concerning the number of hours worked and amounts paid to Plaintiff and other similarly situated employees, are in the possession and custody of Defendant.

<u>COUNT I - RECOVERY OF OVERTIME COMPENSATION</u>

27.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-26 above.

28.    Plaintiff and those similarly situated employees are/were entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week.

29.    During their employment with Defendant, Plaintiff and those similarly situated employees were not paid complete and proper overtime compensation as a result of Defendant not including all earned wages in the regular rate of pay and not paying Plaintiff and those similarly situated employees for all hours worked. *See* ¶¶ 18-24.

30.    Defendant did not have a good faith basis for failing to include all wages earned in the regular rate of pay and by failing to pay Plaintiff and those similarly situated employees for all hours worked.

31.    As a result of Defendant's intentional, willful and unlawful acts in refusing to pay Plaintiff and those similarly situated employees complete overtime

compensation, Plaintiff and those similarly situated employees, have suffered damages plus incurring reasonable attorneys' fees and costs.

32.    As a result of Defendant's willful violation of the FLSA, Plaintiff and those similarly situated employees are entitled to liquidated damages.

33.    Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, CHRISTINA COPELAND-STEWART, on behalf of herself and those similarly situated, demands judgment against Defendant for unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 20th day of January, 2015.

C. Ryan Morgan, Esq.
FBN 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 425-8171
Email:       RMorgan@forthepeople.com
Attorneys for Plaintiff