# EXHIBIT "A"

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

CHRISTINA COPELAND-STEWART, on
behalf of herself and those similarly situated,

      Plaintiffs,

      v.

NEW YORK LIFE INSURANCE
COMPANY,

      Defendant.

Case No. 8:15-CV-00159-SDM-AEP

## FLSA SETTLEMENT AGREEMENT AND RELEASE

This FLSA Settlement Agreement and Release ("Agreement") is made and entered into by and between Christina Copeland-Stewart ("Plaintiff"), Chad M. Callaway, Michelle Davila, Magdalene Golightly, Theresa Gonzalez, Arthur Guillaume, Jr., Vincent Hladek, Mitchell Howard, Deanna Iaconetti, Zanna Ignaczak, Christopher Lane, Rafael Miranda, Maritza Rivera, Moneer B. Samhan, Anthony Saylor, Susan A. Shipp, Gerald Singer, Jonathan J. Smith, and Christina White (collectively, "Opt-In Plaintiffs"), on the one hand, and New York Life Insurance Company ("NYL") (collectively, with Plaintiff and Opt-In Plaintiffs, "the Parties"), on the other hand, effective on this <u>16th</u> day of March, 2016:

## RECITALS

WHEREAS, Plaintiff filed a complaint in the Middle District of Florida captioned <u>Christina Copeland-Stewart v. New York Life Insurance Company</u> (the "Lawsuit"), asserting claims against NYL under the Fair Labor Standards Act ("FLSA"), and seeking recovery of overtime compensation. Specifically, Plaintiff asserted that NYL required her and other nonexempt employees in the AARP Life Member Services cost center/division at the Tampa call center to work off the clock, and failed to properly include shift differentials and certain nondiscretionary bonuses in calculating the regular rate of pay;

WHEREAS, the eighteen (18) individuals listed above joined this lawsuit to participate as Opt-In Plaintiffs in pursuing their claims against NYL;

WHEREAS, NYL has denied, and continues to deny, all allegations of wrongdoing alleged in the Lawsuit;

WHEREAS, the Parties have agreed to resolve amicably any and all disputes between them regarding Plaintiff's and the Opt-In Plaintiffs' compensation during their employment with NYL, and all claims by Plaintiff and Opt-In Plaintiffs regarding their compensation that were, or

could have been, raised in the Lawsuit;

## AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and promises contained herein, the Parties hereto agree as follows:

1. **Release and Discharge of FLSA Claims by Plaintiff and Opt-In Plaintiffs.** Plaintiff and Opt-In Plaintiffs, on behalf of themselves, their heirs, executors, administrators, and/or assigns, do hereby **RELEASE AND FOREVER DISCHARGE** NYL, together with its parents, subsidiaries, affiliates, divisions, predecessors, and successor corporations and business entities, past, present, and future, and its and their agents, directors, officers, employees, partners, shareholders, owners, members, investors, insurers and reinsurers, representatives, attorneys, and employee benefit plans (and the trustees, administrators, fiduciaries, insurers, and reinsurers of such plans), past, present, and future, and their heirs, executors, administrators, predecessors, successors, and assigns (collectively, the "Releasees"), of and from any and all wage and hour and wage/pay-related causes of action, claims, and demands, known or unknown, which they ever had or now have against each or any of the Releasees. This includes any and all claims for wages, overtime pay, minimum wages, commissions, liquidated damages, penalties, interest, attorneys' fees, expenses, and costs, and includes claims under the FLSA and any wage and hour and wage/pay-related claims arising under any other federal, state, or local laws or ordinances, contract, or common law, from the beginning of time through the date on which Plaintiff and Opt-In Plaintiffs execute this Agreement. These claims are hereinafter referred to as the "Wage and Hour Released Claims."

2. **Dismissal of Lawsuit and Motion for Approval.** In exchange for the consideration set forth herein, Plaintiff and Opt-In Plaintiffs: (i) stipulate unconditionally to dismiss with prejudice their claims against NYL as asserted in the Lawsuit, with all Parties to bear their own costs and fees, other than as provided herein; (ii) agree to take any actions necessary to have this settlement approved by the Court, including by submitting a Motion for Approval within ten (10) days after the date this Agreement is executed or the date set by the Court (whichever is earlier), and executing any other documents required by the Court; (iii) agree to cooperate with NYL and its counsel in seeking approval of this Agreement; and (iv) waive and release any right to initiate or join in any civil action (as a named plaintiff or opt-in) against the Releasees for any Wage and Hour Released Claims accruing and/or arising prior to the execution of this Agreement. In addition, Plaintiff and the Opt-In Plaintiffs are waiving their rights to pursue any other wage and hour and wage/pay related disputes arising up to the date on which each executes this Agreement relating to the Wage and Hour Released Claims (as defined in Paragraph 1 above) under any applicable dispute resolution procedure or otherwise. Plaintiff and the Opt-In Plaintiffs each represent that other than the Lawsuit, they do not have any other lawsuits, claims, or charges relating to the Wage and Hour Released Claims pending against any of the Releasees. This Agreement is expressly conditioned and contingent on the dismissal with prejudice of the Lawsuit.

3.     **Payments by NYL to Plaintiff.** In consideration for the undertakings of Plaintiff and Opt-In Plaintiffs under this Agreement and their agreement to be legally bound by its terms, NYL agrees to pay, within ten (10) business days after the later of (1) the Court's approval of the settlement and dismissal of Plaintiff's and Opt-In Plaintiffs' claims; (2) the full execution of this Agreement by the Parties and the Stipulation of Dismissal of Plaintiff's and Opt-In Plaintiffs' claims; or (3) receipt by NYL of any tax forms signed by Plaintiff, Opt-In Plaintiffs, or their counsel needed by NYL to process the payment, the following:

   (a)   Individual checks in the gross amount of Twenty Seven Thousand Four Hundred Nine Dollars and Sixty Three Cents ($27,409.63) total payable to Plaintiff and Opt-In Plaintiffs in the individual amounts listed on each Plaintiff or Opt-In Plaintiffs' Addenda attached to this Agreement, less applicable deductions and withholdings, to be paid as wage income and reported on IRS Form W-2s and any other required federal, state, and/or local tax reporting forms.

   (b)   Individual checks in the gross amount of Twenty Seven Thousand Four Hundred Nine Dollars and Fifty Two Cents ($27,409.52) total payable to Plaintiff and Opt-in Plaintiffs in the individual amounts listed on each Plaintiff or Opt-In Plaintiffs' Addenda attached to this Agreement, representing non-wage income, and reported on IRS Form 1099s and any other required federal, state, and/or local tax reporting forms.

   (c)   A separate check, payable to Morgan & Morgan, P.A. (Tax I.D. 59-2920684), in the amount of Forty Thousand Dollars and Zero Cents ($40,000.00), representing attorneys' fees and costs relating to Plaintiff's and Opt-in Plaintiffs' claims, to be reported on IRS Form 1099s issued to Plaintiff's counsel and any other required federal, state, and/or local tax reporting forms. A pro rata share of the attorneys' fees and costs to Plaintiffs' Counsel will also be reported on a Form 1099 issued to each Plaintiff/Opt-In Plaintiff. This payment is contingent on receipt of a current, valid W-9 from Morgan & Morgan, P.A. In the event that the Court does not approve the fee and/or cost amount requested by Plaintiff's counsel, the settlement will still be effective (subject to an appeal of the Court's order, to be decided solely by Plaintiff and her counsel) and this Agreement will be deemed modified to reflect the amount that is approved by the Court. All requested attorneys' fee and cost amounts not approved or awarded by the Court shall revert back to and/or be retained by NYL.

4.     **Taxes.** Plaintiff. Opt-In Plaintiffs and their counsel accept responsibility for the payment of any and all of their share of income, employment, or other taxes related to the payments made to them. If any governmental taxing authority or court of competent jurisdiction ultimately determines that these payments were improperly classified, or that Plaintiff or Opt-In Plaintiffs owe any additional taxes with respect to any money distributed under this Agreement, it is expressly agreed that the determination of any tax liability is between Plaintiff and Opt-In Plaintiffs and the taxing authority; that Plaintiff, Opt-In Plaintiffs and their counsel shall be solely liable for the payment of any tax, tax deficiency, penalty, and/or interest charged with respect to the payments made to each,

respectively ("Tax Liability"); that Plaintiff and Opt-In Plaintiffs individually will indemnify, defend, and hold NYL harmless with respect to the Tax Liability or any proceeding in which Tax Liability is sought; and that NYL will not be responsible for the payment of such taxes, including any interest and penalties.  Plaintiff and Opt-In Plaintiffs have had the opportunity to obtain advice from a tax professional, and NYL makes no representation as to the taxability of the consideration provided under this Agreement.

5.   **No Effect on Benefits Calculations**.  In no event shall any payment to Plaintiff or Opt-In Plaintiffs create any credit or otherwise affect the calculation of any compensation, deferred compensation, or benefit under any compensation, deferred compensation, pension, or other benefit plan, nor shall any such payment be considered as "compensation" under any pension, retirement, profit sharing, incentive, or deferred compensation plan, nor shall any such payment or award require any contribution or award under any such plan, or otherwise modify any benefits, contributions or coverage under any other employment benefit plan or program.

6.   **Non-Admission of Liability**.  This Agreement shall not in any way be construed as an admission by NYL that it has acted wrongfully with respect to Plaintiff or Opt-In Plaintiffs, and NYL specifically disclaims any liability to or wrongful acts against Plaintiff or Opt-In Plaintiffs on the part of NYL and the Releasees.  Furthermore, the Parties agree that this Agreement does not constitute an adjudication of the merits of the Lawsuit or any other matters released in this Agreement.  Nor is this Agreement based on the merits of the Lawsuit.  Accordingly, the Parties agree that no party has prevailed and that this Agreement shall not serve or be construed as, nor be cited or admissible in any proceeding as, evidence that any party has so prevailed or that NYL or the Releasees have engaged in any wrongdoing.

7.   **Successors and Assigns**.  This Agreement shall be binding upon the Parties and upon their respective heirs, administrators, representatives, executors, successors, and assigns, and shall inure to the benefit of the Parties.

8.   **Construction**.  Each party and counsel for each party has reviewed this Agreement prior to signing the Agreement.  Therefore, the normal rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the writing shall not apply to any action on this Agreement.

9.   **Other Papers**.  The Parties will execute such further papers or documents as shall be necessary or proper in order to fulfill the terms and conditions of this Agreement.

10.   **Consultation with Counsel**.  The Parties acknowledge and agree that this settlement over a legally and factually disputed claim was negotiated at "arms' length" and with the advice of counsel.  The Parties and each of them acknowledge that they have had the opportunity to consult with legal counsel of their choice prior to execution and delivery of this Agreement, and that they have in fact done so.  Plaintiff and Opt-In Plaintiffs acknowledge that they have consulted with their counsel of record in the Lawsuit, and

has been specifically advised by counsel of the consequences of the Agreement they have signed.

11.   **Headings.**  The headings in each paragraph herein are for convenience of reference only and shall be of no legal effect in the interpretation of the terms hereof.

12.   **Sole and Entire Agreement.**  This Agreement sets forth the entire agreement between the Parties hereto.  This Agreement fully supersedes and replaces any and all prior oral or written agreements or understandings between the Parties hereto pertaining to the subject matter hereof, including any Memorandum of Understanding ("MOU") between the Parties or any prior settlement agreement entered into by the Parties, which shall become null as of the date of full execution of this Agreement, except that the Parties shall remain bound by the Confidentiality Agreement for Settlement Discussions executed in connection with the settlement discussions in this Lawsuit.

13.   **Counterparts.**  This Agreement may be executed in two or more counterparts, each of which shall be deemed to be an original, and all such counterparts shall constitute one and the same instrument.

14.   **Modification.**  The Parties agree that this Agreement may not be altered, amended, modified, or otherwise changed in any respect except by another written agreement signed by those Parties who are affected by the alteration, amendment, modification, or change.

15.   **No Waiver.**  The failure to enforce at any time, or for any period of time, any one or more of the terms of this Agreement shall not be a waiver of such terms or conditions. Moreover, it shall not be a waiver of such party's right thereafter to enforce each and every term and condition of this Agreement.

16.   **Effect of Non-Approval.**  In the event the Court does not approve a term of this Agreement, Plaintiff's counsel and counsel for NYL will confer about appropriate revisions to this Agreement (if that is possible and agreed upon by all Parties) and submit a revised Agreement to the Court for its approval.  Under no circumstances, however, will the amounts set forth in Section 3 increase (or, as it relates to the amounts to be paid to Plaintiff and Opt-In Plaintiffs, shall not decrease), nor will any party be required to change any term it deems in its sole discretion material without their agreement.

17.   **Severability.**  Should any clause, sentence, provision, paragraph, or part of this Agreement be adjudged by any court of competent jurisdiction, or be held by any other competent governmental authority having jurisdiction, to be illegal, invalid, or unenforceable, such judgment or holding shall not affect, impair, or invalidate the remainder of this Agreement, but shall be confined in its operation to the clause, sentence, provision, paragraph, or part of the Agreement directly involved, and the remainder of the Agreement shall remain in full force and effect at the agreement of the Parties.  However, if the release given by Plaintiff in this Agreement is deemed illegal, invalid, or unenforceable, the Parties agree to meet and confer to prepare and execute a

substantially similar release that is not illegal, invalid, or unenforceable, and to which the Parties mutually agree.

18. **Non-Assignment of Claims.** Plaintiff and Opt-In Plaintiffs represent that they have not assigned or transferred, or purported to assign or transfer, any claim released herein or any portion thereof to any person or entity, and agree to indemnify, defend, and hold NYL and Releasees harmless from and against any and all claims based upon or arising out of any such assignment or transfer, or purported assignment or transfer, of any claims or any portion thereof or interest therein.

19. **Governing Law and Forum Selection.** This Agreement is made and entered into in the State of Florida and shall in all respects be interpreted, enforced, and governed by and under the laws of the State of Florida. Any legal action relating to this Agreement shall be brought in a court of competent jurisdiction in Florida. Should any party to this Agreement institute any legal action against another party with respect to any dispute relating to this Agreement in a forum other than a court of competent jurisdiction in Florida, the responding party shall be entitled to recover from the initiating party all damages, costs, expenses, and attorneys' fees incurred as a result of such action.

20. **Authority to Enter into Agreement.** Each party to this Agreement represents and warrants that, as of the date of the execution of this Agreement, each has the right and authority to execute this Agreement.

21. **Knowing and Voluntary Agreement.** Plaintiff and the Opt-In Plaintiffs each hereby certifies and acknowledges that:

(a) They have read the terms of this Agreement, and that they understand its terms and effects, including the fact that they have agreed to RELEASE AND FOREVER DISCHARGE the Releasees from any Wage and Hour Released Claims identified in Paragraph 1;

(b) They have signed this Agreement voluntarily and knowingly in exchange for the consideration described herein, which they acknowledge is adequate and satisfactory to them;

(c) the payments, benefits, promises, and undertakings performed, and to be performed, by NYL, as set forth herein are fair and adequate consideration for the release and other promises and obligations of Plaintiff and Opt-In Plaintiffs set forth in this Agreement; and

(d) NYL has advised Plaintiff and Opt-In Plaintiffs, through this document, to consult with an attorney prior to signing this Agreement, and they have done so with their attorneys of record in the Lawsuit, prior to signing this Agreement.

IN WITNESS WHEREOF, the Parties hereto have executed this FLSA Settlement Agreement and Release and following Addenda on the dates indicated below and on the attached Addenda.

Dated: March 6, 2016

By: _____
CHRISTINA COPELAND STEWART

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

By: _____
C. Ryan Morgan, Esq.
Counsel for Plaintiff
E-mail: rmorgan@forthepeople.com
Morgan & Morgan, P.A.
20 N. Orange Avenue, 16th Floor
P.O. Box 4979
Orlando, Florida 32802-4979
Telephone: (407) 420-1414

APPROVED AS TO FORM:

_____
Anne Marie Estevez, Esq.
E-mail: aestevez@morganlewis.com
Sharon A. Lisitzky
E-mail: slisitzky@morganlewis.com
Counsel for Defendant NYL
MORGAN, LEWIS & BOCKIUS LLP
200 South Biscayne Blvd., Suite 5300
Miami, Florida 33131-2339
Telephone: (305) 415-3000

DB1/ 86629590.3                              7

## CHRISTINA COPELAND-STEWART ADDENDUM

Plaintiff Christina Copeland-Stewart, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Plaintiff, Christina Copeland-Stewart, the following amounts:

1. One check in the gross amount of $3,608.51, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $3,608.50, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(e) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: March 10, 2016

By: _____
CHRISTINA COPELAND-STEWART

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## CHAD M. CALLAWAY ADDENDUM

Opt-In Plaintiff Chad M. Callaway, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Chad M. Callaway, the following amounts:

1. One check in the gross amount of $1,939.97, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,939.97, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: 3/11/___, 2016

By: Chad M. Callaway
CHAD M. CALLAWAY

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## MICHELLE DAVILA ADDENDUM

Opt-In Plaintiff Michelle Davila, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Michelle Davila, the following amounts:

1.  One check in the gross amount of $899.32, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2.  One check in the gross amount of $899.31, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3.  Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: 03/07, 2016

By: _____
MICHELLE DAVILA

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## MAGDALENE GOLIGHTLY ADDENDUM

Opt-In Plaintiff Magdalene Golightly, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Magdalene Golightly, the following amounts:

1. One check in the gross amount of $1,700.31, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,700.30, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: 3/ 15 , 2016

By: _Magdalene Golightly_
MAGDALENE GOLIGHTLY

Dated: March 16 , 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## THERESA GONZALEZ ADDENDUM

Opt-In Plaintiff Theresa Gonzalez, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Theresa Gonzalez, the following amounts:

1. One check in the gross amount of $1,565.87, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,565.87, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: 2/8/, 2016

By: _____
THERESA GONZALEZ

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## ARTHUR GUILLAUME, JR. ADDENDUM

Opt-In Plaintiff Arthur Guillaume, Jr., and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Arthur Guillaume, Jr., the following amounts:

1. One check in the gross amount of $1,187.42, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,187.41, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: _March 7_, 2016

Dated: _March 16_, 2016

By: _____
ARTHUR GUILLAUME, JR.

By: _____
Donald Vandegrift, Vice President - Human
Resources

ON BEHALF OF NEW YORK LIFE
INSURANCE COMPANY

## VINCENT HLADEK ADDENDUM

Opt-In Plaintiff Vincent Hladek, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Vincent Hladek, the following amounts:

1. One check in the gross amount of $1,844.18, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,844.17, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: MARCH 7, 2016

By: _____
VINCENT HLADEK

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE
INSURANCE COMPANY

DB1/ 86623590.3

14

## MITCHELL HOWARD ADDENDUM

Opt-In Plaintiff Mitchell Howard, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Mitchell Howard, the following amounts:

1. One check in the gross amount of $1,168.37, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,168.37, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: March 9th, 2016

Dated: March 16 2016

By: ~~Mitchell~~

MITCHELL HOWARD

By: ~~Donald Vandegrift~~

Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## DEANNA IACONETTI ADDENDUM

Opt-In Plaintiff Deanna Iaconetti, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Deanna Iaconetti, the following amounts:

1. One check in the gross amount of $1,285.21, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,285.20, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: 3/8, 2016

By: _____
DEANNA IACONETTI

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

### ZANNA IGNACZAK ADDENDUM

Opt-In Plaintiff Zanna Ignaczak, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Zanna Ignaczak, the following amounts:

1. One check in the gross amount of $1,339.82, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,339.81, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: 3-11-1 , 2016

By: _____
ZANNA IGNACZAK

Dated: Marc 16 ,2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## CHRISTOPHER LANE ADDENDUM

Opt-In Plaintiff Christopher Lane, and NYL, agree that each has read and reviewed the

FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations.

Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In

Plaintiff, Christopher Lane, the following amounts:

1.  One check in the gross amount of $690.77, less, applicable deductions and
    withholdings, to be paid as wage income and reported on an IRS Form W-2 and any
    other required federal, state, and/or local tax reporting forms; and

2.  One check in the gross amount of $690.76, for non-wage income, and reported on an
    IRS Form 1099 and any other required federal, state, and/or local tax reporting forms;
    and

3.  Attorneys' fees and costs shall be paid separately and in addition to the amounts
    described above, as described in Section 3(c) of the FLSA Settlement Agreement and
    Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates

indicated below.

Dated:    **3/11**      , 2016                    Dated: _March 16_ , 2016


By: _Christopher Lane_                           By: _____
CHRISTOPHER LANE                                 Donald Vandegrift, Vice President - Human
                                                 Resources

                                                 ON BEHALF OF NEW YORK LIFE
                                                 INSURANCE COMPANY

## RAFAEL MIRANDA ADDENDUM

Opt-In Plaintiff Rafael Miranda, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Rafael Miranda, the following amounts:

1. One check in the gross amount of $1,453.93, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,453.93, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: 3-8- , 2016

By: _____
RAFAEL MIRANDA

Dated: March 16 , 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## MARITZA RIVERA ADDENDUM

Opt-In Plaintiff Maritza Rivera, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Maritza Rivera, the following amounts:

1. One check in the gross amount of $981.32, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $981.32, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: March 7, 2016

By: _____
MARITZA RIVERA

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## MONEER B. SAMHAN ADDENDUM

Opt-In Plaintiff Moneer B. Samhan, and NYL, agree that each has read and reviewed the
FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations.
Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In
Plaintiff, Moneer B. Samhan, the following amounts:

1. One check in the gross amount of $740.21, less applicable deductions and
   withholdings, to be paid as wage income and reported on an IRS Form W-2 and any
   other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $740.20, for non-wage income, and reported on an
   IRS Form 1099 and any other required federal, state, and/or local tax reporting forms;
   and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts
   described above, as described in Section 3(c) of the FLSA Settlement Agreement and
   Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates
indicated below.

Dated: ___March 9___, 2016          Dated: ___March 16___, 2016

By: _Moneer B. Samhan_              By: _____
MONEER B. SAMHAN                    Donald Vandegrift, Vice President - Human
                                    Resources

                                    ON BEHALF OF NEW YORK LIFE
                                    INSURANCE COMPANY

## ANTHONY SAYLOR ADDENDUM

Opt-In Plaintiff Anthony Saylor, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Anthony Saylor, the following amounts:

1. One check in the gross amount of $1,400.14, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,400.14, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

IN WITNESS WHEREOF, the below Parties have executed this Addendum on the dates indicated below.

Dated: _3/15_____, 2016                     Dated: _March 16_, 2016

By: _____               By: _____
ANTHONY SAYLOR                             Donald Vandegrift, Vice President - Human
                                           Resources

                                           ON BEHALF OF NEW YORK LIFE
                                           INSURANCE COMPANY

## <u>SUSAN A. SHIPP ADDENDUM</u>

Opt-In Plaintiff Susan A. Shipp, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Susan A. Shipp, the following amounts:

1. One check in the gross amount of $1,795.74, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,795.73, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: 3|8, 2016

By: _____
SUSAN A. SHIPP

Dated: March 16, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## GERALD SINGER ADDENDUM

Opt-In Plaintiff Gerald Singer, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Gerald Singer, the following amounts:

1. One check in the gross amount of $1,158.94, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,158.93, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: 3/10, 2016

Dated: March 16, 2016

By: _Gerald_

GERALD SINGER

By: _[signature]_

Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

## JONATHAN J. SMITH ADDENDUM

Opt-In Plaintiff Jonathan J. Smith, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Jonathan J. Smith, the following amounts:

1. One check in the gross amount of $1,163.65, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,163.65, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF,** the below Parties have executed this Addendum on the dates indicated below.

Dated: ___8 March___, 2016

By: _____
JONATHAN J. SMITH

Dated: __March 16__, 2016

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY

*CHRISTINE WHITE*

## ~~CHRISTINA WHITE~~ ADDENDUM

Opt-In Plaintiff Christina White, and NYL, agree that each has read and reviewed the FLSA Settlement Agreement and Release, and agree to be bound by its terms and obligations. Pursuant to the terms of the FLSA Settlement Agreement and Release, NYL agrees to pay Opt-In Plaintiff, Christina White, the following amounts:

1. One check in the gross amount of $1,485.95, less applicable deductions and withholdings, to be paid as wage income and reported on an IRS Form W-2 and any other required federal, state, and/or local tax reporting forms; and

2. One check in the gross amount of $1,485.95, for non-wage income, and reported on an IRS Form 1099 and any other required federal, state, and/or local tax reporting forms; and

3. Attorneys' fees and costs shall be paid separately and in addition to the amounts described above, as described in Section 3(c) of the FLSA Settlement Agreement and Release.

**IN WITNESS WHEREOF**, the below Parties have executed this Addendum on the dates indicated below.

Dated: 3/15, 2016

Dated: March 16, 2016

By: _____
~~CHRISTINA WHITE~~
*CHRISTINE WHITE*

By: _____
Donald Vandegrift, Vice President - Human Resources

ON BEHALF OF NEW YORK LIFE INSURANCE COMPANY